IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMMY LEE KIZZEE, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2336-M |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Sammy Lee Kizzee, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was convicted of three separate robberies and sentenced to 35 years confinement in each case. His convictions and sentences were affirmed on direct appeal. *Kizzee v. State*, No. 06-02-00035-CR, 2003 WL 283831 (Tex. App.--Texarkana, Feb. 11, 2003, no pet.); *Kizzee v. State*, No. 06-02-00038-CR, 2003 WL 283824 (Tex. App.--Texarkana, Feb. 11, 2003, no pet.); *Kizzee v. State*, No. 06-02-00039-CR, 2003 WL 283816 (Tex. App.--Texarkana, Feb. 11, 2003, no pet.). Petitioner did not file a petition for discretionary review or an application for state post-conviction relief. Instead, he filed an application for writ of habeas corpus in federal court. The application was dismissed without prejudice for failure to exhaust state remedies. *Kizzee v. Dretke*, No. 3-04-CV-0155-P, 2004 WL 515600 (N.D. Tex. Mar. 3, 2004), *rec. adopted by* Order (N.D. Tex. Mar. 22,

2004). Rather than returning to state court, petitioner once again seeks federal habeas relief pursuant to 28 U.S.C. § 2254.[1]

II.

Petitioner raises two broad arguments in five related grounds for relief. Succinctly stated, petitioner contends that: (1) the evidence was insufficient to support his convictions; and (2) there was a fatal variance between the indictment and the evidence produced at trial.

On December 1, 2005, the court sent written interrogatories to petitioner in order to determine whether his claims are barred by limitations. Petitioner answered the interrogatories on December 15, 2005. The court now determines that this case is time-barred and should be dismissed with prejudice.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Although petitioner still has not presented his claims to the Texas Court of Criminal Appeals, "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This statute also authorizes the dismissal of a federal habeas petition on limitations grounds. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001); *Crane v. Cockrell*, No. 3-01-CV-2165-D, 2002 WL 31780861 at *2 (N.D. Tex. Dec. 5, 2002).

>   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). In addition, the AEDPA statute of limitations is subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 35 years in prison following his convictions for three robberies. The court of appeals affirmed all three convictions on February 11, 2003. At petitioner's request, the Texas Court of Criminal Appeals extended the deadline for filing a petition for discretionary review until July 3, 2003, but a PDR was not timely filed.[2] Therefore, petitioner's convictions became final, at the latest, on July 3, 2003. *See Mandeville v. Dretke*, No. 3-04-CV-1519-G, 2004 WL 1872959 at *2 (N.D. Tex. Aug. 19, 2004), *rec. adopted*, 2004 WL 2059547 (N.D. Tex. Sept. 14, 2004) (state conviction becomes final for AEDPA limitations purposes on date PDR is due). Petitioner did not seek state post-conviction relief. Instead, he filed two federal writs of habeas corpus. The first writ was filed on January 27, 2004 and dismissed without prejudice for failure to exhaust state remedies on March 22, 2004. The second writ was filed on November 22, 2005.

---

[2] Petitioner requested three extensions of time to file a petition for discretionary review. The first two requests were granted. The third request was denied.

The limitations period started to run on July 3, 2003, the date petitioner's state convictions became final. Yet petitioner waited more than *two years* before filing this action in federal court.[3] In an attempt to excuse this delay, petitioner alleges that he did not have access to an adequate law library during 2003 and 2004. (*See* Interog. #2). The Fifth Circuit has repeatedly held that the inability to obtain research materials is not a "rare and exceptional" circumstance that warrants equitable tolling of the AEDPA limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000). However, statutory tolling may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities. In that limited circumstance, the inability to obtain research materials may constitute a state-created impediment under 28 U.S.C. § 2244(d)(1)(B). *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003). Such is not the case here. Petitioner does not allege, much less prove, that he was ignorant of the AEDPA statute of limitations. Rather, he complains that he was unable to file a petition for discretionary review due to the unavailability of certain unspecified legal materials at the facility where he was incarcerated. (*See* Interog. #2). Neither statutory nor equitable tolling is justified under these circumstances. *See Sanchez v. Dretke*, No. 3-04-CV-1668-N, 2004 WL 3029727 at *2 (N.D. Tex. Dec. 30, 2004), *rec. adopted*, 2005 WL 65958 (N.D. Tex. Jan. 11, 2005); *Warner v. Dretke*, No. 3-03-CV-2757-M, 2004 WL 942394 at *2 (N.D. Tex. Apr. 30, 2004), *rec. adopted*, 2004 WL 1170511 (N.D. Tex. May 25, 2004).

---

[3] The court recognizes the petitioner filed his first federal writ prior to the expiration of the one-year statute of limitations. However, the AEDPA limitations period is not tolled during the pendency of a federal habeas proceeding. *See Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 551 (2001) (federal habeas petition is not "application for State post-conviction or other collateral review" sufficient to toll limitations period under 28 U.S.C. § 2244(d)(2)). Moreover, petitioner filed the instant action more than one year after the dismissal of his first federal writ.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be summarily dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 16, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE