IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMMY LEE KIZZEE, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:05-CV-2336-M |
| v. | § | |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |
| | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

United States Magistrate Judge Jeff Kaplan made findings and a recommendation in this case. Plaintiff filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. Even if Petitioner's allegations that he was denied access to unspecified legal materials and that he was ignorant of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") were sufficient to justify statutory tolling under *Egerton* (which they are not), his federal writ is still time-barred. *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003). By his own admission, Petitioner learned of the AEDPA and "immediately begin [sic] to study legal material and research of the laws" when he arrived at the Dalhart Unit in late 2003 or early 2004. *See* Pet. Obj. at 2. On January 27, 2004, Petitioner filed a federal writ that was dismissed on March 22, 2004, for failure to exhaust state remedies. The AEDPA limitations period was not tolled during the pendency of that writ. *See Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001) (federal habeas petition is not "application for State

post-conviction or other collateral review" sufficient to toll limitations period under 28 U.S.C. § 244(d)(2)). In his objections, Petitioner states for the first time that he filed an 11.07 application in state court on October 19, 2004, and that the application was denied on May 4, 2005. (In his habeas petition and sworn interrogatory answers, Petitioner stated that he never filed an 11.07 application). But, even if Petitioner filed a state writ, he did not file the instant action in federal court until November 22, 2005–436 days after January 27, 2004 (excluding the 197 days his 11.07 application was allegedly pending in state court). Therefore, this case is barred by limitations.

The objections are overruled, and the Court accepts the Findings and Recommendation of the United States Magistrate Judge.

**SO ORDERED** this 5TH day of January, 2006.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE